IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

INA V.[1],

    Plaintiff,

v.

NANCY A. BERRYHILL,
ACTING COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

Civ. No. 6:17-cv-00708-MC

OPINION AND ORDER

MCSHANE, Judge:

    Plaintiff brings this action under 42 U.S.C. § 405(g) to obtain judicial review of the final decision of the Commissioner of Social Security denying Plaintiff's claim for supplemental security income and disability insurance benefits. Because Plaintiff meets the requirements of Listing 12.05C, the ALJ's decision is REVERSED and this matter is REMANDED for an award of benefits.

**PROCEDURAL BACKGROUND**

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case.

On April 17, 2013, Plaintiff filed applications for supplemental security income and disability insurance benefits, alleging disability as of April 8, 2008. Tr. 94. After a hearing, the administrative law judge (ALJ) found Plaintiff not disabled. Tr. 21. Plaintiff argues the ALJ erred by failing to: 1) consider Listing 12.05C at Step 3 of the sequential analysis; 2) fully credit the opinion of Dr. Jill Spendal, Psy.D.; 3) give clear and convincing reasons for rejecting her testimony; and 4) account for all of her limitations in the hypothetical posed to the vocational expert. Pl.'s Br. 23–24. The Commissioner concedes the ALJ erred in failing to consider Listing 12.05C but argues remand for further proceedings is appropriate. Def.'s Br. 4.

## STANDARD OF REVIEW

The reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r for Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, we review the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989). "If the evidence can reasonably support either affirming or reversing, 'the reviewing court may not substitute its judgment' for that of the Commissioner." *Gutierrez v. Comm'r of Soc. Sec. Admin.*, 740 F.3d 519, 523 (9th Cir. 2014) (quoting *Reddick v. Chater*, 157 F.3d 715, 720–21 (9th Cir. 1996)).

## DISCUSSION

The Social Security Administration uses a five step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520; 416.920. The initial burden of proof rests upon the claimant to meet the first four steps. If claimant satisfies his or her burden with respect to the first four steps, the burden shifts to the Commissioner at step five. 20 C.F.R. § 404.1520. At step five, the Commissioner's burden is to demonstrate the claimant is capable of making an adjustment to other work after considering the claimant's residual functional capacity (RFC), age, education, and work experience. *Id.*

At step three, the ALJ determined that Plaintiff had the severe impairments of obesity, posttraumatic stress disorder (PTSD), major depressive disorder, and psoriasis/possible psoriatic arthritis during the insured period; and obstructive sleep apnea (OSA), borderline intellectual functioning (BIF), right ventricular dysfunction, and myofascial pain syndrome after the protective filing date; but that those impairments did not meet or equal one of the listed impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. Tr. 23. Specifically, the ALJ determined Plaintiff did not meet the criteria of Listing 12.02 for organic mental disorders, Listing 12.04 for affective disorders, Listing 12.06 for anxiety-related disorders, or Listing 12.09 for substance addiction disorders. Tr. 27. Plaintiff argues that she meets Listing 12.05C for intellectual disability, which the parties agree the ALJ did not address.

To satisfy Listing 12.05C, a claimant must demonstrate: 1) significantly subaverage intellectual functioning with deficits in adaptive functioning manifested before age 22; 2) a valid IQ score of 60 through 70; and 3) another mental or physical impairment imposing additional and significant limitation of function. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05C; *see also Kennedy v. Colvin*, 738 F.3d 1172, 1174 (9th Cir. 2013). Both parties agree that Plaintiff meets the third requirement because the ALJ found that Plaintiff had several physical and mental

impairments at Step 2 in the sequential analysis. However, the Commissioner contends that the record fails to show that Plaintiff manifested deficits in adaptive functioning before age 22 and that it is uncertain whether Plaintiff has a valid IQ score of 60 through 70.

**A. Plaintiff has a valid IQ between 60–70.**

Listing 12.05C requires Plaintiff to establish that she has "a valid verbal, performance, or full scale IQ of 60 through 70." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05C. "Where more than one IQ is customarily derived from the test administered, e.g., where verbal, performance, and full scale IQs are provided in the Wechsler series, we use the lowest of these in conjunction with 12.05." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00(D)(6)(c).

Dr. Jill Spendal, Psy.D. conducted a psychological assessment of Plaintiff in February 2013. Tr. 430-43. Dr. Spendal administered the Wechsler Adult Intelligence Test (WAIS-IV), and noted Plaintiff functioned in the 1st percentile for Full Scale IQ, with a score of 65. Tr. 434. The Commissioner argues that it is unclear whether Plaintiff's full scale IQ falls within the 60-70 range necessary for Listing 12.05C, because the Dr. Spendal indicated Plaintiff's true intellectual functioning was more likely in the range between 70 and 84. Def.'s Br. 6. The Commissioner's argument fails because the ALJ found Plaintiff's testing scores, as administered by Dr. Spendal, to be valid. Tr. 36. Additionally, Dr. Spendal did not express any doubt as to the validity of Plaintiff's verbal comprehension score of 70. Therefore, even if the ALJ did not accept Plaintiff's full scale IQ score of 65, Plaintiff's verbal comprehension score of 70 qualifies under the second requirement of Listing 12.05C. Tr. 434.[2]

---

[2] I note Dr. Spendal opined that "at work [Plaintiff's] deficits in reasoning, working memory and processing speed would lead to deficits in maintaining employment. She will be slow to comprehend new information, slow to complete tasks and will likely make errors in judgment and errors in completing tasks." Tr. 441. Dr. Spendal concluded that based on Plaintiff's low level of intellectual functioning, she would require accommodations from any future employer. Tr. 443. The accommodations, "for the future, given [Plaintiff] is not determined to be work-ready at this time," included: a job coach to help Plaintiff learn her duties; an extended training period; multimodal

**B. Plaintiff has deficits in adaptive functioning that manifested before the age of 22.**

The introductory paragraph of Listing 12.05 requires Plaintiff to show she has "significantly subaverage general intellectual functioning with deficits in adaptive functioning manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05. Adaptive functioning is a "person's effectiveness in areas such as social skills, communication, and daily living skills, and how well the person meets the standards of personal independence and social responsibility expected of his or her age by his or her cultural group." *Heller v. Doe*, 509 U.S. 312, 329 (1993) (citing Manual of Mental Disorders 28–29). "A claimant may use circumstantial evidence to demonstrate adaptive functioning deficits that existed prior to age 22, such as 'attendance in special education classes, dropping out of high school prior to graduation, difficulties in reading, writing or math, and low skilled work history.'" *Glenn v. Colvin*, 2013 WL 3046871, at *3 (D. Or. June 11, 2013) (citing *Pedro v. Astrue,* 849 F. Supp. 2d 1006, 1012 (D. Or. 2011)); *see also Campbell v. Astrue*, 2011 WL 444783, at *17 (E.D. Cal. Feb. 8, 2011).

The record in this case provides ample evidence demonstrating Plaintiff's onset of deficits in adaptive functioning prior to age 22. Plaintiff dropped out of high school during her eleventh-grade year with a 0.86 GPA. Tr. 53, 301. That she received mostly failing grades in her English and math classes demonstrates her difficulties in reading, writing, and math. Tr. 301. Her work history is consistently low-skilled and short-term. Tr. 57–63, 250. She has alleged a lifelong learning disability and a history of depression. Tr. 166, 241, 319, 432. Her alleged criminal history at a young age, involving gang activity and car theft is evidence of Plaintiff's

---

instruction when teaching Plaintiff a new task, with written instructions Plaintiff could refer back to; very basic and concrete oral communications, "repeated liberally,"; and memory aids to prompt Plaintiff's memory recall. Tr. 443. As Dr. Spendal's findings and conclusions are relevant to Plaintiff's adaptive functioning deficits, I discuss Dr. Spendal's assessment in further detail below.

poor social skills and low social responsibility. Tr. 431; *McNatt v. Colvin*, 44 F. Supp. 3d 1040, 1045 (D. Or. 2014) (suggesting that plaintiff's intellectual disability may have caused his criminal problems). Furthermore, "a valid adult IQ score can be reflective of an impairment that manifested during the claimant's developmental period." *Brooks v. Astrue*, 2012 WL 4739533, at *6 (D. Or. Oct. 3, 2012). As discussed above, Plaintiff has a valid full scale IQ score of 65 and a verbal comprehension score of 70.

The Commissioner argues that Plaintiff's work history suggests that she does not meet the requirements of Listing 12.05C. Def.'s Br. 7. However, "[h]aving some work history . . . does not indicate that a claimant does not have deficits in adaptive functioning." *McGrew v. Colvin*, 2015 WL 1393291, at *7 (D. Or. Mar. 25, 2015). Contrary to the Commissioner's argument, Plaintiff's work history of low-skilled and short-term jobs is circumstantial evidence of adaptive functioning deficits as enunciated by the court in *Glenn*. 2013 WL 3046871, at *3.

Dr. Spendal's findings also support the conclusion that Plaintiff meets Listing 12.05C. As discussed above, Dr. Spendal completed a psychological assessment of Plaintiff in 2013. Tr. 447. Dr. Spendal administered the WAIS–IV, and Plaintiff received a verbal comprehension score of 70. Tr. 434. The verbal comprehension score measures verbal concept formation, verbal reasoning, and knowledge acquired from one's environment. Tr. 435. Plaintiff also had a processing speed score of 65, which measures short-term visual memory, attention, and visual-motor coordination. *Id.* Dr. Spendal noted that Plaintiff's "deficits in reasoning, working memory and processing speed would lead to deficits in maintaining employment" and that "[s]he will be slow to comprehend new information, slow to complete tasks and will likely make errors in judgment and errors in completing tasks." Tr. 441. In her summary, Dr. Spendal suggested that Plaintiff's low intellectual level could have contributed to her inability to hold a job long-term.

*Id.* Dr. Spendal concluded that "[t]asks that are easy for most of her peers to understand will be quite challenging for [Plaintiff]." Tr. 435.

The ALJ afforded Dr. Spendal's assessment little weight because Dr. Spendal claimed Plaintiff was incapable of performing any type of work, which the ALJ found inconsistent with evidence of Plaintiff's ability to manage a household. Tr. 36. The ALJ also provided little weight to Dr. Spendal's Personality Assessment Inventory because Dr. Spendal expressed significant concerns about the validity of Plaintiff's responses. *Id.* However, the ALJ made this determination at Step 5 of the sequential evaluation, where he must determine whether the claimant is capable of performing any work. This Court, on the other hand, is considering the evidence at Step 3, and need only determine whether Plaintiff's impairments are of a severity to meet or medically equal Listing 12.05C. 20 C.F.R. §§ 404.1509; 416.909. Dr. Spendal's assessment may be insufficient to prove that claimant is unable to work, but it is sufficient to show that Plaintiff has deficits in adaptive functioning. *McGrew*, 2015 WL 1393291, at *7 ("[T]he introductory paragraph of Listing 12.05 requires evidence that deficits in adaptive functioning exist, not evidence that claimant has no adaptive functioning skills."); *see also Gomez v. Astrue*, 695 F. Supp. 2d 1049, 1057 (C.D. Cal. 2010) (stating that a claimant can meeting Listing 12.05C "without having to demonstrate a disabling, or even severe, level of mental functional impairment"). Furthermore, to the extent that the ALJ explicitly disavowed sections of Dr. Spendal's assessment, this opinion avoids relying on evidence about which Dr. Spendal expressed concern.

I conclude that Plaintiff has demonstrated that she meets the requirements of Listing 12.05C. She has "significantly subaverage general intellectual functioning with deficits in adaptive functioning" that initially manifested before age 22, she has a valid verbal

comprehension score of 70, and she suffers from the severe impairments of obesity, posttraumatic stress disorder, major depressive disorder, psoriasis, obstructive sleep apnea, borderline intellectual functioning (BIF), right ventricular dysfunction, and myofascial pain syndrome. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05; Tr. 23.

Meeting a listed impairment ends the five-step inquiry. *Kennedy v. Colvin*, 738 F.3d 1172, 1176 (9th Cir. 2013). Therefore, Plaintiff is "presumed unable to work and is awarded benefits without a determination of whether [s]he actually can perform [her] own prior work or other work." *Id.* (quoting *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990)).

Because the record is complete and demonstrates Plaintiff meets Listing 12.05, this matter is remanded for an award of benefits. *Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004).

## CONCLUSION

The Commissioner's decision is REVERSED. This matter is REMANDED for an award of benefits.

IT IS SO ORDERED.

DATED this 13th day of November, 2018.

         /s/ Michael McShane      
Michael McShane
United State District Judge